Walter DRIETH, Appellant,

v.

Curtis E. LIGHTFOOT, Appellee.

No. 4830.

Court of Civil Appeals of Texas.

Waco.

Oct. 16, 1969.

Rehearing Denied Nov. 6, 1969.

child shall be permitted on the written consent of the Judge of the Juvenile Court of the county of the child's residence and without the written consent of the living parent, if, "for a period of two (2) years, * * * such parent or parents shall have not contributed substantially to the support of such child * * * commensurate with his financial ability."

Appellee did not consent to the adoption and contested the petition. Consent of the Juvenile Judge was obtained. It recited that appellee "had failed to support said children continuously for more than two years."

Trial was non-jury. Findings of fact and conclusions of law were neither requested nor filed. We presume, therefore, that every fact issue was resolved by the trial court in support of its judgment.

Cynthia and appellee were divorced in December, 1961. Custody of the children was awarded to Cynthia. Appellee was required to pay $37.50 twice each month into the registry of the court for child support. By an agreed amendment of the divorce decree in September, 1963, Cynthia was granted the privilege of taking the children "wherever she may desire;" and appellee was granted the right to have them in his home from June 20th to August 5th of every year, and he was relieved of child support payments while the children were with him.

The record shows that through February, 1966, and since February, 1969, appellee has fully complied with the order on child support. However, it also shows, without dispute, that during the span between those dates, though financially able to make the payments required of him by the divorce decree, appellee contributed only $37.50 to the support of the children. That single payment was made in November, 1967. Based upon this showing, appellant apparently takes the position that he was and is entitled to judgment as a matter of law. We do not agree with that proposition.

John R. Duren, Riley J. Simpson, Copperas Cove, for appellant.

Ira Butler, Jr., Ft. Worth, for appellee.

OPINION

HALL, Justice.

This appeal is from an order denying the petition of appellant for permission to adopt the three children born to his wife, Cynthia, while she was married to appellee. The children are two girls, ages 13 and 7, and a boy, age 10.

The petition for adoption was grounded upon that part of section 6(a) of Article 46a, Vernon's Annotated Texas Civil Statutes, which provides that the adoption of a

■ Although undisputed evidence might support a basis upon which the petition for adoption could be granted, the trial court was nevertheless called upon to consider the natural rights of the non-consenting parent, and, *viewing the entire record,* exercise its broad discretion in determining what is for the best interest and welfare of the children. Rubey v. Kuehn, (Tex.Civ.App., 1969, writ ref.) 440 S.W.2d 95, 98–99. The question before us is whether, under the record, the trial court abused its discretion in denying the adoption.

Appellant married Cynthia in June, 1962. He is a soldier. In January, 1966, he and Cynthia removed the children to a base in Germany, to which he had been assigned, without notice to or knowledge by appellee. They returned to the United States in January, 1969. While in Germany, they gave appellee an APO address only, and deliberately refused him any information as to the actual whereabouts of the children. Although, months later, he learned they were in Germany, all of many attempts by appellee to determine the precise location of the children were apparently thwarted. He was thus unable to exercise his visitation rights.

Appellant and Cynthia did not tell appellee of their return to the United States, though ten days enroute to the new base were spent visiting with relatives in the same city in which appellee resides. In February, 1969, upon learning of the location of appellant and Cynthia and the children, appellee resumed the support payments. When he attempted to visit the children later that month, he was turned away by appellant and Cynthia and their attorney. This petition for adoption was filed shortly thereafter.

There is no evidence that Cynthia made request of appellee for support payments during the years in question. Her only contact with him was to send him the APO address. The payment mailed to Cynthia in November, 1967, was never cashed. Appellant receives an especial allotment from the army for the care of the children, and the evidence shows without dispute that appellee's failure to make the payments did not cause any material want on the part of the children. The record strongly suggests that appellant and Cynthia were not truly concerned with whether appellee contributed to the support of the children.

The evidence, including portions we have not detailed, shows a great amount of ill will existent between Cynthia and appellee, and indicates a history of use of the children by each divorced parent to harass the other. Nevertheless, all profess an abiding love for the children. Although appellee has married again, he has no other children or stepchildren.

■ Under the record, the trial court could have determined that appellee's failure to make the support payments was occasioned more by conduct of appellant and Cynthia calculated by them to effect that result, than by any indifference or intentional wrongdoing by appellee; that the sole reason this adoption is sought is to facilitate the personal desire of appellant and Cynthia to prevent further visitation between the children and their natural father; and that the granting of the adoption would not serve the best interest of the children.

We cannot say the trial court abused its discretion in denying the adoption.

All of appellant's contentions have been considered. None present error, and they are overruled.

The judgment is affirmed.